UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

KIM SCHOFIELD,

On behalf of the Estate of Pete Schofield

                                              Case No.

                Plaintiff,

          v.

SONY MUSIC ENTERTAINMENT,           **COMPLAINT**

EPIC RECORDS,                        **<u>DEMAND FOR JURY TRIAL</u>**

TYSHAWN JOHNSON, and

NAQUONN DUMAR SOLOMON

                Defendants.

------------------------------------------------------------X


       Plaintiff, Kim Schofield, daughter of Pete Schofield and acting on behalf of herself and her brothers, all heirs to the Estate of Pete Schofield, brings this Complaint against Defendants. Plaintiff appearing pro se, alleges as follows: (see Exhibit A, Letter of Authorization from brothers).

NATURE OF THE ACTION

1.      This is an action for willful copyright infringement of original musical elements in an arrangement and a sound recording, both created by Canadian bandleader Pete Schofield in 1974, which were sampled without a license in a musical track titled "Sharker" (also known as "Real Sharker"), written and performed by artist Naquonn Dumar Solomon ("Dumar 1K").

2.      The social media platforms promoting the song 'Real Sharker' are dated June 14, 2025, which would mean that sometime prior to June 14, 2025, the infringing work was produced and recorded by Jay Luiz of KSK Records and written and performed by artist, Naquonn Dumar Solomon and posted to multiple social media platforms including Instagram, Threads, TikTok, Facebook, Triller and YouTube without permission or license from the Estate of Pete Schofield.

3.      Defendants knew they needed to clear this work to sample, record, license, and publish the infringed work evidencing willful and reckless disregard of Plaintiff's rights.

4.      Plaintiff seeks statutory damages under 17 U.S.C. § 504(c) for willful infringement of both (a) original musical elements in an arrangement as registered with the U.S. Copyright Office (PAu 4-240-368), and (b) the underlying sound recording (SR 0-412-915). (See Exhibits B and C, Certificates of Registration.) Both works are independently protected under the Copyright Act, and Defendants' conduct constitutes willful and ongoing infringement.

JURISDICTION

5.      This court has subject matter over this case pursuant to 28 U.S.C. §§1331 and 1338(a).

VENUE

6.      Venue of this case is proper in this district pursuant to 28 U.S.C. §§1391(b) and 1400(a).

## PARTIES

7.      Plaintiff, Kim Schofield, is the daughter of Pete Schofield and an individual residing in Ajax, Ontario, Canada. Plaintiff brings this action on behalf of the Estate of Pete Schofield, as the duly authorized representative, with the written consent of her two brothers, the other heirs of the Estate.

8.      Upon information and belief, the defendant, SONY Music Entertainment ("SONY") is a Delaware company authorized to do business in the State of New York with its principal place of business in the City of New York.  SONY is the parent of EPIC Records and is responsible for the publication, marketing, distribution, and licensing of music recordings. SONY is credited as an exclusive license holder of the infringing work.

9.      Upon information and belief, the defendant, EPIC Records ("EPIC") is a record label operating under SONY and is a Delaware company authorized to do business in the State of New York with its principal place of business in the City of New York.  EPIC is credited as an exclusive license holder of the infringing work.

10.     Upon information and belief, the defendant, Tyshawn Johnson ("JOHNSON") is an individual whose principal place of business is in Atlanta, Georgia.  Johnson is the Chief Executive Officer (CEO) of Against Da Grain, ("ADG") (aka Against Da Grain Ent) an independent record label and production company, and simultaneously serves as Vice President of A&R at EPIC Records, a division of SONY Music Entertainment, which is a Delaware company authorized to do business in the State of New York with its principal place of business in New York City.  ADG is credited as an exclusive license holder of the infringing work.

11.     Upon information and belief, the defendant Naquonn Dumar Solomon, (aka "DUMAR 1K") is an individual residing in Florida. DUMAR 1K is a recording artist and performer credited as the primary writer and artist on a song called "Sharker," (aka 'Real Sharker'), the infringing work.  He was initially affiliated with the independent label King Stays King Records (aka KSK) and today is a signed artist with EPIC under SONY and ADG Record labels.

12.     Pete Schofield ('SCHOFIELD') was a Canadian bandleader, composer, musician, teacher and arranger.  In 1974 he recorded a cover of the song, "The Night the Lights Went Out in Georgia" composed by Bobby Russell, on his album, "Do Something Nice Today".  Schofield's horn-based musical arrangement included newly composed horn elements in the intro and outro of the arrangement.  These horn parts have been sampled by many artists, including John Cena, a "World Wrestling Entertainment (WWE)" star for his well-known theme song, *The Time is Now.* Schofield was the producer, arranger, performer of his album, "Do Something Nice Today", and the Estate owns the master recording.

## BACKGROUND FACTS

13.     Schofield's newly added original musical elements to his arrangement of "The Night the Lights Went out in Georgia" and his sound recording were both created and fixed in a tangible medium of expression in 1974 in Canada. In July of 2024, Plaintiff registered the newly added original musical elements from Schofield's arrangement with the U.S. Copyright Office; PAu 4-240-368.  In July 2025, Plaintiff registered Schofield's sound recording with the U.S. Copyright Office; SR 0-412-915, to facilitate this claim of copyright infringement.

(Exhibit B and C)

14.    On July 1, 2025, SONY contacted Plaintiff on behalf of EPIC, seeking a license to sample the recording "The Night the Lights Went out in Georgia", by Pete Schofield for a new song called "SHARKER" by artist Dumar 1K.  Specifically, SONY wanted to license the sample 0:00 - 0:12 (the first twelve seconds) portion of Schofield's original recording and sample that section throughout the new song, 'Sharker'.  The letter from SONY/EPIC states:

> "The New Recording is intended to be on a forthcoming Dumar 1K project, which is not yet scheduled for release.  The New Recording may be released in advance as a digital single.  Please let me know as soon as possible on what terms a license may be granted."

15.    On July 3, 2025, Plaintiff responded to the licensing department at SONY stating the Schofield Estate would agree to a license, but it must also include the newly original musical elements of that arrangement as registered with the US Copyright Office.  The certificate number was provided for their reference.

16.    On July 16, 2025, SONY replied with a proposed license for the sound recording only. Plaintiff declined the offer, asserting that Schofield owned the compositional rights in the added original elements. (Plaintiff's reference to a 'derivative work' in response to SONY was incorrect and based on a mischaracterization provided to Plaintiff from prior legal counsel; Plaintiff has since learned the proper legal basis is the originality of the newly added material, not a derivative claim. The registration itself is accurate and covers only the newly added original musical elements.)

17.    SONY stated they were going to license the composition with Bobby Russell, the author of 'The Nights Went out in Georgia"; Plaintiff declined the offer to license the sound recording as Plaintiff holds the copyright to the added original musical elements as well.

18.    Plaintiff followed up with SONY to see if they were going to go through with a license. Plaintiff received a note from the SONY legal and business affairs contact on July 25, 2025 stating:

> "Thanks for checking in. Dumar 1K ended up removing "The Night the Lights Went out in Georgia" from "Sharker".  Accordingly, please consider this email our formal withdrawal of our request for such.  Thanks for your time and consideration"

19.    Upon reviewing social media posts, Plaintiff identified that Defendants had already released the song—referred to as 'Real Sharker' on multiple platforms, with public posts dated June 14, 2025. These timestamps demonstrate that the infringing recording and public dissemination of "Sharker" / 'Real Sharker' occurred well before any licensing discussions with the Estate, and without any authorization or permission from Plaintiff.

20.    Upon information and belief, one of the social media platforms used by Dumar 1K promoting the infringed work is called Triller.  Triller is a global social video app where users can download other people's videos, as the platform is available worldwide it provides a space for creators to produce videos and promote their music to a worldwide audience.  In order to have your own music uploaded to Triller, a creator would need to have their music uploaded from one of their streaming platforms such as Spotify, Soundcloud, or Apple Music.  By publishing the infringing work across various social media platforms, Defendant Dumar 1K made the unauthorized material available to a global audience.

21.    Plaintiff further alleges that the infringing portions of 'Real Sharker' consist of direct digital copying of the same distinctive horn arrangement authored by Schofield and prominently featured in WWE star, John Cena's well-known WWE entrance theme, "The Time Is Now." Due to the widespread popularity and recognition of 'The Time Is Now,' these horn samples are

readily available and easily identifiable to the public, making them an obvious target for

sampling. Defendant, Dumar 1K, repeatedly posted on social media platforms, including

Instagram, TikTok, and YouTube using the infringed work while openly asking John Cena to

"clear the sample" or grant permission for its use. These posts were published publicly and date

from a period well before any attempt was made to contact the Schofield Estate for a license.

Plaintiff asserts that these social media posts demonstrate that Dumar 1K had actual knowledge

that the sampled horn arrangement required clearance, and further, that he knowingly and

willfully proceeded to exploit the unlicensed sample by incorporating it directly into his own

recording and publicly distributing it online.

22.     On August 11, 2025, Plaintiff discovered a video on YouTube described as the official

music video for 'Real Sharker'. The credit line read:

> "Florida's own, Dumar 1K - Real Sharker (Official Music Video) OUT NOW!...©2025
> KSK under exclusive license to EPIC Records, a division of SONY Music Entertainment
> and Against Thee Grain"

KSK (King Stays King) as noted in the credit line, is a Record company that provided an

exclusive license to EPIC, SONY and ADG without permission or a license from the Schofield

Estate and after the date that SONY /EPIC had approached the Schofield Estate for a license and

after the date SONY/EPIC indicated that Dumar 1K would not be using Schofield's recording.

23.     On August 20, 2025, Plaintiff sent a letter with a demand notice to the licensing

department at SONY and their legal department for the immediate removal of all versions of

'Real Sharker' containing the infringed work from all social media platforms. As Plaintiff did

not have Dumar 1K or Johnson's email they were not included at the time. Plaintiff's letter also

asked for written confirmation of takedown compliance within seven (7) calendar days; and an indication as to whether they would wish to amicably resolve this issue.

24.     Plaintiff did not receive a response within the 7 calendar days and followed up on August 28, 2025; Plaintiff wrote to SONY asking if they intend on replying.  As of the date of filing this complaint, Plaintiff has not had a response from the defendants.  Plaintiff has noticed that certain videos have been removed from social media, but because of this infringement and the wide-spread sharing across social media platforms, the video and audio work received widespread public exposure and interaction, including hundreds of thousands of views on social media engagements.  Therefore, others remain publicly available, and Plaintiff did not authorize any uses.

25.     The infringing use is blatantly willful, knowing and was done with reckless disregard for Plaintiff's rights.  Plaintiff has secured and preserved extensive evidence of the infringing conduct described herein, including but not limited to screenshots, photographs, and video recordings captured from public social media accounts and online platforms controlled by Defendants. These materials include, among other things, posts in which Defendant Dumar 1K openly requests clearance of the sampled material from John Cena, videos demonstrating public dissemination of the infringing work, and timestamps evidencing unauthorized release prior to any licensing discussions. True and correct copies of this evidence will be produced to the Court and Defendants upon request, at the direction of the Court, or during discovery.

<u>FIRST CAUSE OF ACTION - WILLFUL COPYRIGHT INFRINGEMENT</u>

26.     Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

27.    Defendant Dumar 1K had access to and willfully sampled, performed, reproduced, and publicly distributed the Schofield arrangement and recording, including uploading and disseminating the track 'Sharker' / 'Real Sharker' on social media and digital platforms, without license or authorization from Plaintiff.  Dumar 1K recorded the infringed work with KSK Records and was part of an exclusive licensing arrangement with EPIC, SONY and ADG.

28.     On or about August 3, 2024, Johnson (also known as "Fly Ty" on Instagram), acting in his capacity as CEO of ADG Ent and Vice President of A&R at EPIC records, publicly posted on Instagram to announce and welcome Dumar 1K to EPIC Records and ADG Ent. Upon information and belief, Johnson exercised direct oversight and authority over the signing and release of Dumar 1K's work, including the track at issue, 'Real Sharker.' As a high-ranking executive at both entities, Johnson had a duty to ensure that all releases complied with applicable copyright law and were properly licensed. Despite this responsibility, the infringing work was released, distributed, and promoted by both EPIC Records and ADG without obtaining a license for the use of Plaintiff's protected arrangement and sound recording.  Johnson's direct involvement and public endorsement of Dumar 1K's release further support the claim that Defendants acted with knowledge or reckless disregard of Plaintiff's rights, rendering the infringement willful under the Copyright Act.

29.    Defendant EPIC distributed, published, and facilitated the public performance and dissemination of the infringing work 'Real Sharker' as part of its label catalog, including authorizing and facilitating the public release on YouTube and other social media online platforms, and is liable for direct, contributory, and vicarious infringement.

30.    Defendant SONY, as the parent company of EPIC, exercised supervisory authority over the release, distribution, and public performance of the infringing work by EPIC, and is jointly and severally liable for the acts of copyright infringement alleged herein.

31.    Defendants' acts constitute infringement of Plaintiff's exclusive rights under 17 U.S.C. §§ 106 and 501.

32.    The infringement was willful, knowing, and intentional, as evidenced by Defendants' actual knowledge of Plaintiff's rights, their failure to obtain authorization, and public posts by defendant Dumar 1K, acknowledging the need for clearance.

33.    As a result of Defendants' infringement, Plaintiff has been damaged in an amount to be determined at trial.

34.    Pursuant to 17 U.S.C. § 504(c)(2), Plaintiff is entitled to statutory damages for willful infringement in an amount up to $150,000 per infringed work.

35.    Plaintiff is further entitled to recover attorneys' fees and costs pursuant to 17 U.S.C. § 505.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendants, and award the following relief:

(a)    A declaration that Defendants have willfully infringed Plaintiff's exclusive rights in the Schofield arrangement and recording, in violation of the Copyright Act;

10

(b)    Statutory damages pursuant to 17 U.S.C. § 504(c)(2), in an amount up to $150,000 for each act of willful infringement;

(c)    A permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons acting in concert or participation with them, from further copying, distributing, performing, or otherwise exploiting the infringing work and/or the Schofield arrangement and recording, and requiring removal of all infringing content from all platforms, including but not limited to YouTube, Instagram, TikTok, and any other social media or digital services;

(d)    An order requiring Defendants to deliver up for destruction all copies of the infringing work, and all materials or products incorporating such copies, in their possession, custody, or control;

(e)    Plaintiff's reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505;

(f)    An award of prejudgment and post-judgment interest as permitted by law;

(g)    Such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: September 5, 2025, in Ajax, Ontario Canada

Respectfully submitted,

*KL Schofield*

_____

Kim Schofield
Estate of Pete Schofield
35 Darley Street
Ajax, Ontario
L1T 3X9 Canada
email: kim@peteschofieldandthecanadians.com
Phone: (905) 686-1370
Plaintiff, Pro Se